In the United States District Court
for the District of Kansas

---

**United States of America**,
    Plaintiff,

v.                Case No. 23-10047-01 JWB

**Tamori Morgan**,
    Defendant.

---

**Motion to Dismiss Counts 1 and 2
on Second Amendment Grounds**

---

 Tamori Morgan moves this Court to dismiss Counts 1 and 2 of the Indictment, each alleging a violation of 18 U.S.C. § 922(o). Because the Second Amendment extends to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding, 18 U.S.C. § 922(o) offends the history and tradition of the Second Amendment of the United States Constitution by imposing a blanket prohibition on machineguns that is both facially unconstitutional and unconstitutional as applied to Mr. Morgan.

 **I. The government's allegations**

 In April 2023, a federal grand jury in Wichita returned a two-count indictment against Mr. Morgan. D.E.1 at 1. Counts 1 and 2 of the Indictment each allege a violation of 18 U.S.C. § 922(o). *Id.* Both Counts 1 and 2 state that Mr. Morgan "did knowingly and unlawfully possess a machine gun." *Id.* Specifically, in Count 1 the machine gun is described as an "Anderson Manufacturing model AM-15, .300 caliber machinegun." In Count 2, the machinegun is described as a "machinegun

1

conversion device of an unknown manufacturer." *Id*. Neither Count 1 or 2 alleges that the firearm was possessed in or affecting commerce nor that they were transferred.

**II. This motion is proper under Federal Rule of Criminal Procedure 12**

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) permits a defendant to move to dismiss an indictment for failure to state an offense. One basis for such a motion is that the charged statute is unconstitutional. *United States v. Herrera*, 51 F.4th 1226, 1284 (10th Cir. 2022). Challenges to the constitutionality of a statute generally come in two forms: facial challenges and as-applied challenges. *See id.* at 1282. But these constructs aren't "mutually exclusive." *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 914 (10th Cir. 2016). A claim can be as-applied in the sense that it does not seek to strike the statute's application in all cases, but facial in the sense that it is not limited to the defendant's particular case. *Id.*

A defendant "may challenge the constitutionality of a statute by asserting a facial challenge, an as-applied challenge, or both." *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 907 (10th Cir. 2016) (internal citations omitted). A "facial challenge is…an assertion that the challenged statute violates the Constitution in all, or virtually all, of its applications." On the other hand, "[a]n as-applied challenge concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the *particular circumstances* of the case." *Id*. Although distinct legal concepts that go to "the breadth of the remedy employed by the Court," "the distinction between facial and as-applied challenges is

2

not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case involving a constitutional challenge. *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010). "[I]t does not speak at all to the substantive rule of law necessary to establish a constitutional violation," and therefore the same substantive constitutional analysis applies. *Bucklew v. Precythe*, 139 S.Ct. 1112, 1127 (2019). *See also Gross v. United States*, 771 F.3d 10, 14-15 (D.C. Cir. 2014) ("[T]he substantive rule of law is the same for both challenges.").

### III. The challenge presented

Mr. Morgan presents a challenge that "obviously has characteristics of both" as applied and facial challenges. *Supreme Court of New Mexico*, 839 F.3d at 907. Mr. Morgan challenges that to the extent § 922(o) bans the weapons alleged in Count 1, an Anderson Manufacturing model AM-15, .300 caliber machinegun, D.E. 1 at 1; and in Count 2, a machinegun conversion device, D.E. 1, at 2, it is unconstitutional. Our challenge is as applied in the sense that we're asking the Court to strike those provisions of the statute charged by the government in this case (and not any uncharged provisions). Here, the government does not allege a machinegun "transfer." *See* 18 U.S.C. § 922(o). So we "focus[] on only the constitutional validity of the subset of applications" charged by the government. *Supreme Court of New Mexico*, 839 F.3d at 915 (10th Cir. 2016).

The issue raised by Mr. Morgan is unimpaired by Tenth Circuit precedent. In *United States v. Haney*, 264 F.3d 1161, 1165 (10th Cir. 2001), the Tenth Circuit held

that § 922(o) is facially constitutional. *Haney* "h[eld] that a federal criminal gun-control law does not violate the Second Amendment unless it impairs the state's ability to maintain a well-regulated militia." *Haney*, 264 F.3d. at 1165. That interpretation of the Second Amendment was overruled by *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008). Moreover, whatever the status of *Haney* in the Tenth Circuit, it does not preclude Mr. Morgan's as applied challenge.

## IV. The Second Amendment

The Second Amended provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. CONST. amend. II. This amendment confers an individual right to keep and bear (or carry) arms. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008); *United States v. Cox*, 906 F.3d 1170, 1184 (10th Cir. 2018).

### A. *Bruen* and *Heller* establish the test for Second Amendment challenges

"*Heller*'s methodology centered on constitutional text and history." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2128-29 (2022). In the years that followed *Heller,* most Courts of Appeals coalesced around a "two-step" framework for analyzing Second Amendment challenges that combines history with means-end scrutiny. The Tenth Circuit was one such Circuit. *United States v. Reese*, 627 F.3d 792, 801 (10th Cir. 2010), *abrogated by New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).

But in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2126 (2022), the Supreme Court declined to adopt means-end scrutiny. Instead, the Supreme Court announced a different "historical approach." *Id.* at 2129. Because the Court wholly rejected means-end scrutiny, it is unnecessary to retrace the history of the means-end approach. The Supreme Court has exhaustively set forth its disagreement and rejection of that two-step analysis. *Id.* at 2127 – 2129. Here, it is enough that the Supreme Court unequivocally announced, "despite the popularity of this two-step approach, it is one step too many." *Id.*

Instead, the Supreme Court set forth a different "historical approach." *Id*.

> That when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id* at 2126. The question here is thus whether stripping someone of their right to possess a machinegun without exception is consistent with the Nation's historical tradition of firearm regulation. If it is not, then § 922(o) is unconstitutional no matter the reasonableness of the policy it embodies. To answer that question,

Courts within the Tenth Circuit[1] and beyond[2] have derived a new two-step analysis from the Supreme Court's discussion in *Bruen*. The first step is to determine whether the Second Amendment's plain text covers the conduct. If it does, in the second step, the government bears the burden to show the regulation is consistent with this Nation's historical tradition of firearm regulation. *Bruen*, 142 S.Ct. 2111, 2135.

### B. The plain text of the Second Amendment covers the possession of a firearm

"When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 142 S.Ct. at 2129–30. "There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms." *Heller*, 554 U.S. at 595. Thus, Mr. Morgan's alleged conduct, possessing a firearm, is presumptively protected by the Second Amendment. *See Bruen*, 142 S.Ct. 2111 at 2134 (holding that Second Amendment covers "carrying handguns publicly for self-defense").

The government may seek to curtail Mr. Morgan's presumptively constitutional conduct by relying on the characteristics of the firearm alleged, i.e., that is a particular subset of firearms – a machinegun – that should be treated differently. As a threshold matter, such an argument would be "bordering on the frivolous."

---

[1] *See e.g. United States v. Harrison*, Case No. CR-22-00328-PRW, 2023 WL 1771138 (W.D. Okla. Feb. 3, 2023); *United States v. Lewis*, 2023 WL 187582 (W.D. Okla. Jan. 13, 2023); *United States v. Carrero*, Case No. 2 22-cr-00030, 2022 WL 9348792 (D. Utah Oct. 14, 2022); *United States v. Coombes*, No. 22-CR-00189-GKF, 2022 WL 4367056 (N.D. Okla. Sept. 21, 2022); *United States v. Gray*, No. 22-cr-00247-CNS, 2022 WL 16855696 (D. Colo. Nov. 10, 2022).

[2] *United States v. Daniels*, No. 22-60596, 2023 WL 5091317, at *3 (5th Cir. Aug. 9, 2023); *Teter v. Lopez*, No. 20-15948, 2023 WL 5008203, at *7 (9th Cir. Aug. 7, 2023).

*Heller*, 554 U.S. at 582. The Second Amendment is not limited to "only those arms in existence in the 18th century," it extends "to all instruments that constitute bearable arms." *Id.*

That an "arm" "shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger," 26 U.S.C. § 5845(b), does not mean that the "arm" is not, in fact, an "arm." A fully automatic handgun is obviously an "arm" that can be used in self-defense. *See Heller*, 554 U.S. at 581 (noting "all firearms constituted 'arms'" at the founding) (quotation omitted). Indeed, what better "arm" to use for self-defense? It would be a perverse reading of the Second Amendment's right to bear "arms" for self-defense to exclude from protection the "arms" that most effectively defend us from others.

This same reasoning applies to the "conversion device" alleged in Count 2. Under § 5845(b), a "machinegun" also means "any part designed and intended solely and exclusively … for use in converting a weapon into a machinegun." 18 U.S.C. § 5845(b). Yet, that device is used for self-defense. Thus, it should be considered an "arm" under the Second Amendment. *See*, *e.g.*, *Heller*, 554 U.S. at 581 (broadly defining an "arm" as "'any thing that a man … takes into his hands").

This Court may determine it is bound by Tenth Circuit precedent to deny this motion as to the conversion device alleged in Count 2 of the Indictment. See *United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018) (firearm silencer is a firearm accessory and not a weapon in itself and thus not a bearable arm covered by the

Second Amendment). If so, we present this issue nonetheless for preservation purposes, and in case this Court is inclined to weigh in on the issue in anticipation of further review.

### C. The government cannot meet its burden to show 18 U.S.C. § 922(o) is consistent with this Nation's historical tradition of firearm regulation

Mr. Morgan, and all of "the people," enjoy a presumptive right to possess firearms. To strip the people of that right via § 922(o), the government bears the burden to show the statute is consistent with this Nation's historical tradition of firearm regulation. *Bruen*, 142 S.Ct. at 2135. The Supreme Court has made clear that the principle of party presentation applies at this step and that it is the government who must come forward with historical sources to meet this burden. *Bruen*, 142 S.Ct. at 2130, n.6 (reminding the "Court to decide a case based on the historical record compiled by the parties."). "Only by showing that the law does not tread on the historical scope of the right can the government 'justify its regulation.'" *Daniels*, 2023 WL 5091317, at *3 (citing *Bruen*, 142 S.Ct. at 2130.). This Court should "hew closely to *Bruen*'s own reasoning and hold the government to its heavy burden." *Id.*

To whatever extent the government tries to meet its burden, we note, however, the history of barring possession of machineguns is limited and relatively recent. Congress first passed § 922(o) in 1968. *See* Gun Control Act of 1968, Pub. L. 90-618, 82 Stat. 1213 (codified at 18 U.S.C. § 921 et seq.). This was the first time in the Nation's history that Congress enacted such a ban. The government cannot rely on

the passage of a mid-twentieth century statute to establish a long-standing historical tradition dating back to the enactment of the Second Amendment. *See Bruen*, 142 S.Ct. at 2137. Indeed, machineguns lawfully possessed before May 19, 1986, are specifically excluded from prohibition by § 922(o)(2)(B). With that said, we again note that it's the government's burden. To the extent the government attempts to meet that burden in this case with historical sources, we will reply accordingly.

## V. Conclusion

For the foregoing reasons, this Court should declare 18 U.S.C. § 922(o) unconstitutional (whether facially or as-applied) and dismiss Counts One and Two of the Indictment.

Respectfully submitted,

s/David J. Freund
DAVID J. FREUND
Sup. Ct. No. 17736
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: 316-269-6445
Fax:  316-269-6175
Email: david_freund@fd.org

9

**Certificate of Service**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on November 27, 2023, by using the CM/ECF system, which will send a notice of electronic filing to the following:

Aaron Smith
Assistant United States Attorney
Aaron.Smith3@usdoj.gov

                                                s/David J. Freund
                                                DAVID J. FREUND # 17736