# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS
(Wichita Docket)

UNITED STATES OF AMERICA,

    Plaintiff,

v.           CASE NO.: <u>23-10047-01-JWB</u>

TAMORI MORGAN,

    Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT
(Doc. 25)

APPEAR NOW the United States of America, by and through Aaron Smith, Assistant United States Attorney, and respectfully submit the following in response to the defendant's motion to dismiss Counts One and Two of the Indictment (Doc. 25).

    I.    <u>THE DEFENDANT'S MOTION</u>

The defendant maintains that Counts One and Two of the Indictment (Doc. 1), both charging a violation of 18 U.S.C. § 922(o), must be dismissed on grounds that the statute contains no interstate-commerce element and thus exceeds Congress' authority to regulate

1

machineguns that travel in interstate commerce. (Doc. 25.) The defendant concedes that his motion must be denied as this Court is bound by circuit precedent rejecting his arguments. (*Id*.)

II. ARGUMENT

A. *United States v. Haney*

Without question the defendant's motion must be summarily overruled by this Court given the Tenth Circuit's opinion in *United States v. Haney*, 264 F.3d 1161 (2001), wherein the Court held that 18 U.S.C. § 922(o) does not violate the Commerce Clause. *Id*. at 1170-71 (noting that "[e]ven purely intrastate possession and transfers of machineguns have a substantial effect on interstate commerce . . . Congress has concluded that regulating intrastate possession and transfers is necessary to control the interstate market in these weapons. Moreover, Congress has found that the interstate market itself is significant. It follows that intrastate possession and transfers have a substantial effect on interstate commerce.") *Haney* remains well-settled precedent and this Court is bound to apply the controlling decision.[1] Consequently, the defendant's motion raising a challenge to the indictment must be overruled. *See United States v. Carrero*, 635 F.Supp.3d 1210, 1215 (D. Utah 2022) (noting that a district court is bound to follow Tenth Circuit precedent unless it is overturned by the Tenth Circuit or a superseding contrary decision by the Supreme Court); *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) (noting that a "district court must follow the precedent of this circuit . . .").

---

[1] Sibling circuits regularly hold that Section 922(o) does not run afoul of the Commerce Clause. *See United States v. Henry*, 688 F.3d 637, 641 n.4 (9th Cir. 2012) (citing cases).

III.    CONCLUSION

The arguments submitted by the defendant are foreclosed by circuit precedent and this Court is thus obligated to overrule his motion.

Respectfully submitted,

KATE E. BRUBACHER
United States Attorney

S/Aaron L. Smith
AARON L. SMITH, #20447
Assistant U.S. Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
Telephone: (316) 269-6481
Fax: (316) 269-6484
E-mail: aaron.smith3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December 2023, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David J. Freund
Assistant Federal Public Defender
Counsel for Defendant Morgan
david_freund@fd.org

S/Aaron L. Smith
AARON L. SMITH
Assistant U.S. Attorney